## THE OCEAN STEAMSHIP COMPANY *vs.* KRAUSS.

1. Oral evidence not incorporated into the brief of evidence as agreed upon by counsel and approved by the court, cannot be considered on a motion for a new trial. If some of the evidence was omitted from the brief, it could have been supplied by amending the brief, but not otherwise, not even by reverting to the judge's personal memory.
2. According to the evidence as set out in the brief contained in the record, there was no testimony submitted to the jury of any relation whatever, between the parties to the case; and that being so, the court appears to have erred in overruling the motion for a nonsuit, and in refusing a new trial on that ground. As a *prima facie* case was not made out, questions raised on the charge of the court are only speculative, having now no practical importance. The court should not have charged anything, but should have ordered a nonsuit. Let a new trial be granted.

BLECKLEY, Justice.

## STEVENSON *vs.* SMITH.

Where an execution was proceeding for the benefit of an attorney to collect fees due him thereon, and the same bore date in 1867, and was met by affidavit of illegality, on the ground that it had been paid off prior to the act of February 24, 1873, giving a lien on executions to attorneys for fees, and the settlement consisted in the payment of fifteen dollars cash and the settlement of a drug bill owing by plaintiff to defendant:

*Held* 1. That the settlement was good against the attorney unless he gave notice of fees due him to the defendant in *fi. fa.*
2. That whether the settlement was fair, and executed and made without collusion against the attorney, was matter for the jury to decide, and the issue being fairly submitted by the judge and he being satisfied with the verdict, this court will not interfere.

JACKSON, Justice.